**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Antonio Donyal TARVER,**
**Defendant–Appellant.**

**Nos. 15–13814**
**15–14029**
**Non–Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

Date Filed: 06/28/2016

Michelle Lee Schieber, Charles L. Calhoun, U.S. Attorney's Office, Michael J. Moore, U.S. Attorney, Macon, GA, for Plaintiff–Appellee

John Philip Fox, Fox & Smith, LLC, Macon, GA, for Defendant–Appellant

Before WILLIAM PRYOR, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Antonio Tarver appeals his convictions for possession with intent to distribute cocaine under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and possession with intent to distribute cocaine base under §§ 841(a)(1), 841(b)(1)(B)(ii).[1] Tarver contends that the district court abused its discretion by admitting his prior drug conviction into evidence during his jury trial. Specifically, Tarver claims the government used the prior conviction as propensity evidence to improperly suggest he was guilty because he had been guilty of a similar crime in the past.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To be admissible, Rule 404(b) evidence must be (1) relevant to an issue other than the defendant's character; (2) established by sufficient proof to permit a jury to find that the defendant committed the extrinsic act; and (3) of probative value that is not substantially outweighed by undue prejudice so as not to violate Rule 403. *United States v. Matthews*, 431 F.3d 1296, 1310–11 (11th Cir. 2005).

We review a district court's decision to admit or exclude evidence under Federal Rules of Evidence 403 and 404(b) for abuse of discretion. *Id.* at 1311. When employing an abuse of discretion standard, we must affirm unless we find that the district court made a clear error of judgment or applied the wrong legal standard. *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc). An error in admitting evidence is harmless unless it caused "actual prejudice because it had substantial and injurious effect or influence in determining the jury's verdict." *United States v. Phaknikone*, 605 F.3d 1099, 1109 (11th Cir. 2010) (internal quotation marks omitted).

We need not reach the issue of whether the district court abused its discretion by admitting Tarver's prior conviction because, even if it did, the error was harmless. Due to the overwhelming evidence of Tarver's guilt, the admission of the prior conviction in this case did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Phaknikone*, 605 F.3d at 1109 (internal quotation marks omitted). Tarver's principal defense to the charges of possession with intent to distribute cocaine and cocaine base was that the drugs the police found did not belong to him. At trial, though, the government presented expert testimony that the fingerprints found on the bag containing the narcotics were Tarver's, evidence that directly refutes this defense. And Tarver has never attempted to explain, either at trial or on appeal, why his fingerprints were on the bag, nor has he provided any reason to doubt the expert's conclusion that the fingerprints on the bag conclusively belonged to him.

Beyond that, the government did not mention Tarver's prior conviction in its opening statement or closing argument. The risk of undue prejudice was also tempered by the district court's limiting instructions, including that the jury must not consider Tarver's prior conviction in decid-

---

1. Tarver has appealed his convictions as well as the revocation of his supervised release, which was predicated on these convictions. Because both appeals concern the same issue, we have consolidated them.

ing whether he was guilty of the offenses charged and should consider it only to determine whether he possessed the intent to distribute narcotics. *See United States v. Edouard*, 485 F.3d 1324, 1346 (11th Cir. 2007) ("[A]ny unfair prejudice possibly caused by admitting evidence of [prior criminal activity] was mitigated by the district court's limiting instruction to the jury.").

Because we conclude that any error in the district court's evidentiary ruling was harmless, we affirm.

**AFFIRMED.**